**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSHUA J. LECHTRECKER, on behalf of himself and others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PRESSLER & PRESSLER, LLP a/k/a PRESSLER AND PRESSLER, LLP,<br><br>　　　　Defendants. | CIVIL ACTION NO._____<br><br><br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

**PLAINTIFF JOSHUA J. LECHTRECKER**, on behalf of himself and others similarly situated, by way of Complaint says:

### NATURE OF THE ACTION

1.  Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter the "FDCPA").

2.  As described more fully below, Defendant violated the FDCPA by using false, deceptive and/or misleading representations and/or means in the debt collection communications which Defendant mailed to Plaintiff and others similarly situated in connection to its business of debt collection.

### PARTIES

3. Plaintiff Joshua J. Lechtrecker (hereinafter "Plaintiff") resides in Clark, New Jersey.

4. Defendant Pressler & Pressler, LLP *a/k/a* Pressler and Pressler, LLP (hereinafter "Defendant") is a law firm with a principal place of business office in Parsippany, New Jersey which regularly attempts to collect debts alleged to be due to another.

## JURISDICTION

5. This Court has jurisdiction, pursuant to 15 U.S.C. §1692k(d), over this matter as it alleges violations of the FDCPA, 15 U.S.C. §1692, *et seq.*

## FACTUAL ALLEGATIONS

6. Plaintiff and others similarly situated are natural persons allegedly obligated to pay a debt incurred primarily for personal, family or household purposes.

7. Defendant is a limited liability partnership engaged in the practice of law.

8. Defendant regularly collects and/or attempts to collect debts which were incurred primarily for personal, family or household purposes, owed, due and/or asserted to be owed or due to another.

9. The debts which Defendant regularly collects and/or attempts to collect were incurred by Plaintiff and others similarly situated primarily for personal, family and/or household

purposes.

10. Defendant regularly uses the mail, telephone or other instruments of interstate commerce in its collection of and/or attempts to collect debts.

11. In November of 2010, Plaintiff entered a Retail Installment Contract with Arrow Motors to purchase a motor vehicle for personal use. A copy of the Retail Installment Contract is attached as **Exhibit A** and is referenced in this Complaint as the "Contract".

12. The Contract includes the following provision:

> Our Costs - The right to require you to pay our actual, necessary and reasonable costs of retaking and storing the GOODS which are authorized by law. If we begin an action to collect what you owe and refer this Contract to an attorney who is not our salaried employee, you will also pay our court costs and reasonable attorneys' fees not to exceed 20% of the first $500 of the amount due and 10% of any excess amount due.

See paragraph 9(iv) on the reverse-side of **Exhibit A.**

13. Defendant mailed a letter, dated "11/07/12", to Plaintiff in an attempt to collect $4,133.16 (the "alleged debt") allegedly due to Leaders Financial Company. A copy of the letter, dated 11/07/12, is attached as **Exhibit B** and is referenced in this Complaint as the "November 7 Letter".

14. The November 7 Letter was the first writing that Defendant sent to Plaintiff in an attempt to collect a debt on behalf of Leaders.

15. The November 7 Letter is printed on the letterhead of Defendant's law firm and states "Pressler and Pressler, L.L.P." and "Counsellors At Law".

16. The November 7 Letter is not signed, and does not include the name of the particular person who sent the letter.

17. The November 7 Letter identifies a "Placement Amount" in the amount of $2,776.42.

18. The November 7 Letter identifies "Finances Charges" in the amount of $1,029.10.

19. The November 7 Letter identifies "Attorneys Fees" in the amount of $327.64.

20. The November 7 Letter identifies the "Amount of the Debt" as $4,133.16, which includes the "Attorneys Fees" identified in the amount of $327.64.

21. The November 7 Letter includes the text:

> "This is to notify you that your LEADERS FINANCIAL COMPANY Account # 17445 has been placed with the firm of Pressler and Pressler, LLP for collection."

22. The November 7 Letter includes the text: "We shall afford you this opportunity to pay this debt immediately and avoid further action against you."

23. That text is followed by:

> Make your check or money order payable to Pressler and Pressler, LLP and include your File Number L143444 and remit to:

and then an additional ten (10) lines of text describing how

to make payment of the debt to Defendant.

24. The November 7 Letter does not include a statement that the consumer has the right to dispute the debt and to request the name and address of the original creditor until fourteen (14) more lines of intervening text after the demand for immediate payment. Those statements are at the very bottom of the November 7 Letter and are preceded by two (2) more lines of text which state that:

> This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

25. Prior to sending the November 7 Letter to Plaintiff, no attorney exercised professional judgment to ensure that the letter was accurate, that the amounts identified on the letter were accurate, and/or that the letter did not misstate a fact with respect to Plaintiff's account with Leaders Financial Company.

26. Prior to sending the November 7 Letter to Plaintiff, no attorney personally reviewed Plaintiff's file with Leaders Financial Company to determine the accuracy of the alleged debt, nor did any attorney determine that proceedings to enforce collection were warranted.

27. Prior to sending the November 7 Letter to Plaintiff, no attorney independently evaluated the claim that Plaintiff owed Leaders Financial Company a debt in the amount of $4,133.16.

28. Prior to sending the November 7 Letter to Plaintiff, no attorney independently evaluated the claim that Plaintiff owed a "Placement Amount" in the amount of $2,776.42.

29. Prior to sending the November 7 Letter to Plaintiff, no attorney independently evaluated the claim that Plaintiff owed "Finances Charges" in the amount of $1,029.10.

30. Prior to sending the November 7 Letter to Plaintiff, no attorney independently evaluated the claim that Plaintiff owed "Attorneys Fees" in the amount of $327.64.

31. At the time Plaintiff received the November 7 Letter, he did not owe any amount to Leaders Financial Company for attorneys' fees.

32. At the time Defendant sent the November 7 Letter to Plaintiff, Leaders Financial Company had not incurred $327.64 in attorneys' fees.

33. At the time Defendant sent the November 7 Letter to Plaintiff, Defendant did not know of any amount that Leaders Financial Company had incurred in attorney's fees in its efforts to collect a debt from Plaintiff.

34. Defendant used the same procedures in sending the November 7 Letter to Plaintiff as it used in sending initial collection letters which were the same and/or similar as the November 7 Letter to others similarly situated to Plaintiff.

35. Since October 30, 2012, Defendant has sent letters the same or

similar to the November 7 Letter to 50 or more New Jersey residents in an attempt to collect a debt on behalf of Leaders Financial Company.

## CLASS ALLEGATIONS

36. This action is brought and may properly proceed as a class action, pursuant to the provisions of Federal Rule of Civil Procedure 23. Plaintiff brings this action on behalf of himself and all others similarly situated. Plaintiff seeks certifications of a Class initially defined as follows:

> All New Jersey residents to whom Defendant, at any time on or after the day six (6) years prior to the day on this Complaint is filed, sent an initial collection letter in an attempt to collect an alleged consumer debt on behalf of Leaders Financial Company where that letter: (a) included a demand for attorney's fees not owed when the letter was sent; (b) included a demand for immediate payment which was the same and/or similar to the demand in the November 7 Letter; and/or (c) lacked an attorney's signature.

37. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

38. There are questions of law and/or fact common to the members of the Class that predominate over questions affecting only individuals. These common questions include but are not limited to:

   a. Whether Defendant is a debt collector under the FDCPA.

   b. Whether Defendant sent initial collection letters to Plaintiff and others similarly situated included a demand for an amount of attorney's fees not owed when the letter was sent.

    c.    Whether Defendant sent initial collection letters to Plaintiff and others similarly situated which included a demand for immediate payment which overshadowed and/or was inconsistent with the right of the consumer to dispute the debt or request the name and address of the original creditor.

    d.    Whether Defendant engaged in a business outside of business that it was organized to engage in or allowed by law to engage in.

    e.    Whether Defendant sent initial collection letters to Plaintiff and others similarly situated without an attorney: (a) exercising professional judgment as to each particular alleged debt; (b) independently evaluating the accuracy of the amounts of the debts allegedly owed to Leaders Financial Company; or (c) reviewing the collection file of each person who was sent a letter.

    f.    Whether the above-referenced conduct by Defendant violated the FDCPA.

    g.    What is the proper measure and appropriate statutory formula to be applied in determining the damages owed by Defendant to Plaintiff and the Class.

39. Plaintiff's claims are typical of the claims of the members of the Class which he represents because all such claims arise out of the same policies, practices and/or conduct, and the same or similar documents used by Defendant in its dealings with Plaintiff.

40. Plaintiff has no interests antagonistic to those of the Class.

41. The Class, of which Plaintiff is a member, is readily identifiable.

42. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in


the prosecution of consumer litigation.

43. Plaintiff's attorneys have significant experience and expertise in litigating consumer class actions, including, but not limited to, actions brought under the FDCPA.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual members of the Class are significant, the amount is modest compared to the expense and burden of individual litigation.

45. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

46. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action, or the prosecution of separate actions by individual members of the Class would create the risk that adjudications with respect to individual members of the Class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of

repetitious litigation.

47. Defendant has acted, or refused to act, on grounds generally applicable to Plaintiff and all class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

48. A class action will cause an orderly and expeditious administration of the claims of the Class, and will foster economies of time, effort and expense.

49. Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS ACTION CLAIMS

### FIRST COUNT
### (Violations of the FDCPA – Misrepresentation of the Amount of the Alleged Debt)

50. Plaintiff, on behalf of himself and others similarly situated, re-asserts and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

51. Plaintiff and others similarly situated are "consumers" as defined at 15 U.S.C. §1692a(3).

52. The debts which Plaintiff and others similarly situated were allegedly obligated to pay are "debts" as defined at 15 U.S.C. §1692a(5), and are therefore subject to the provisions and requirements of the FDCPA.

53. Defendant is a "debt collector" as defined at 15 U.S.C.

§1692a(6).

54. The initial collection letters sent by Defendant to Plaintiff and others similarly situated demanded an amount for attorney's fees that was not owed at the time those letters were sent.

55. Defendant has violated 15 U.S.C. §1692, *et seq.* of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

56. By misrepresenting the amount of the alleged debt, Defendant violated:

   a.  15 U.S.C. §1692e and §1692e(10) by using any false, deceptive or misleading representation or means in connection with the collection of a debt from Plaintiff and others similarly situated;

   b.  15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any alleged debts owed by Plaintiff and others similarly situated;

   c.  15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated;

   d.  15 U.S.C. §1692f(1) by collecting or attempting to collect an amount from Plaintiff and others similarly situated that was not expressly authorized by the agreement creating the debt or permitted by law; and

   e.  15 U.S.C. §1692g(a)(1) by misrepresenting the amount of

the debt in the initial debt collection letters which it sent to Plaintiff and others similarly situated.

## SECOND COUNT
### (Violations of the FDCPA – Overshadowing)

57. Plaintiff, on behalf of himself and others similarly situated, re-asserts and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

58. The initial collection letters by Defendant to Plaintiff and others similarly situated demanded immediate payment of the alleged debt in order to avoid further action against the recipient of the letters followed by fourteen (14) lines of text on how to make that immediate payment prior to providing the Notices required by the FDCPA at 15 U.S.C. §1692g(a).

59. The inclusion of that demand for immediate payment to avoid further action in the initial collection letters sent by Defendant violated the FDCPA because it would cause Plaintiff and others similarly situated (who under governing law must be considered the "least sophisticated consumers") to be confused, misled or deceived regarding their right to dispute the debt or request the name and address of the original creditor.

60. Defendant has violated 15 U.S.C. §1692, *et seq.* of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

61. By including that demand for immediate payment to avoid further action in its initial collection letters, when Plaintiff and others similarly situated had the right to dispute the debt or request the name and address of the original creditor, Defendant violated:

    a.  15 U.S.C. §1692e and §1692e(10) by using a false, deceptive or misleading representation in its efforts to collect alleged debts from Plaintiff and others similarly situated;

    b.  15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated; and

    **c.**  15 U.S.C. §1692g and §1692g(b) by sending a communication which overshadowed and/or was inconsistent with the right of Plaintiff and others similarly situated to dispute the debt or request the name and address of the original creditor.

## THIRD COUNT
### (Violations of the FDCPA – Lack of Attorney Involvement/ Operating Outside Scope of Professional Services Partnership)

62. Plaintiff, on behalf of himself and others similarly situated, re-asserts and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

63. The initial collection letters sent by Defendant to Plaintiff and other similarly situated imply that they were sent by an attorney when they were not sent by an attorney, that they were sent at the direction of an attorney and/or that an attorney had determined the accuracy of the alleged debt and that proceedings to enforce collection were warranted.

64. The initial collection letters sent by Defendant to Plaintiff and others similarly situated created an impression in the mind of a least sophisticated consumer of legal validity not typically imputed to the actions of a creditor or that of a debt collector that is not a law firm.

65. Defendant has violated 15 U.S.C. §1692, *et seq.* of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

66. By sending the initial collection letters on law firm letterhead, without an attorney's signature and/or prior meaningful attorney review, Defendant violated:

    a. 15 U.S.C. §1692e by making "false, deceptive, or

misleading" communications which falsely implied that an attorney exercised professional judgment in the collection of the debt;

b. 15 U.S.C. §1692e(2)(A) by sending initial collection letters which could cause the least sophisticated consumers to be confused, misled or deceived regarding the character or legal status of the alleged debts;

c. 15 U.S.C. §1692e(3) by sending initial communication letters which could cause the least sophisticated consumers to believe that were communications from an attorney who had reviewed his or her file and/or had determined that he or she was a candidate for legal action;

d. 15 U.S.C. §1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and others similarly situated;

e. 15 U.S.C. §1692f by using unfair or unconscionable means to attempt to collect a debt; and

f. 15 U.S.C. §1692n by failing to comply with the laws of the State of New Jersey with respect to debt collection practices.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against the Defendant as follows:

a. An order certifying this matter as a class action and appointing Plaintiff as class representative and his attorneys as class counsel under Federal Rule of Civil Procedure 23(g)(1);

b. A declaratory judgment that Defendant violated the FDCPA;

c. A judgment for maximum statutory damages under the FDCPA and all other applicable statutes;

d. A judgment for reasonable attorney's fees and costs of suit in connection with this action, pursuant to 15 U.S.C. §1692k(a)(3);

e. A judgment for pre-judgment and/or post-judgment interest; and

f. A judgment for such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

**CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

*/s/ Andrew W. Li*
Andrew W. Li, Esq.
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 - Suite 101
North Brunswick, NJ 08902
Tel. 732-545-7900
Fax 732-545-1030

*/s/ Christopher J. McGinn*
Christopher J. McGinn, Esq.
THE LAW OFFICE OF CHRISTOPHER J. McGINN
75 Raritan Ave. - Suite 220
Highland Park, NJ 08904
Tel. 732-937-9400
Fax 800-931-2408

*Attorneys for Plaintiff on behalf of himself and others similarly situated*

Dated: November 1, 2013